Evelien TEDJA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–73316.
Agency No. A79–194–186.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 18, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Regional Counsel, Western Region, WWS—District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Keith Bernstein, Office of Immigration Litigation, Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Evelien Tedja, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which affirmed the Immigration Judge's order denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the BIA's determination that Tedja's asylum application is time-barred, and accordingly we dismiss the petition for review as to the asylum claim. *See Hakeem v. INS*, 273 F.3d 812, 815–16 (9th Cir.2001); 8 U.S.C. § 1158(a)(3).

We have jurisdiction pursuant to 8 U.S.C. § 1252 over the remaining claims. We review for substantial evidence the BIA's decision to deny withholding of removal, *Hakeem*, 273 F.3d at 816, and relief under CAT, *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003).

■ Substantial evidence does not compel a reasonable adjudicator to conclude that it is more likely than not that Tedja would be persecuted if she returned to Indonesia. *See Hakeem*, 273 F.3d at 816–17. Moreover, on the record before us, Tedja did not establish that Indonesian Christians or Indonesian ethnic Chinese are subject to the systematic government-sanctioned mistreatment that is required to demonstrate a "pattern or practice" of persecution. *See Kotasz v. INS*, 31 F.3d 847, 852–53 (9th Cir.1994); 8 C.F.R. § 208.13(b)(2)(iii)(A). Accordingly, Tedja failed to establish eligibility for withholding of removal. *See Hakeem*, 273 F.3d at 816–17.

Substantial evidence does not compel a reasonable adjudicator to conclude that it is more likely than not that Tedja would be tortured if she returned to Indonesia. *See*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Malhi v. INS,* 336 F.3d 989, 993 (9th Cir. 2003).

PETITION FOR REVIEW DIS-MISSED in part and DENIED in part.